ORDERED.

**Dated: March 30, 2018**

_Michael G. Williamson_
Michael G. Williamson
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                    Case No. 8:15-bk-10966-MGW
                                                          Chapter 7
The Health Support Network, Inc.,

    Debtor.
_____/

# MEMORANDUM OPINION AND ORDER ON MOTION
# TO EXTEND DEADLINE TO BRING LITIGATION CLAIMS

Federal Rule of Bankruptcy Procedure 9006 allows the Court, for cause shown, to enlarge the time period for completing an act that is allowed (or required) to be done under the bankruptcy rules or a court order. Here, the Trustee believes she has a defamation claim arising out of an article published in the Sarasota Herald-Tribune in 2015. The statute of limitation on that claim had not expired prepetition. So under Bankruptcy Code § 108, the limitations period was extended for two years from the order for relief. The Court must now decide whether it is authorized under Rule 9006 to extend the § 108 deadline for the Trustee to bring her defamation claim.

The Court concludes it doesn't have that authority. To be sure, the Eleventh Circuit, in *In re International Administrative Services,* held that Rule 9006 could be used to enlarge the limitations period in a statute—Bankruptcy Code § 546. But the Eleventh Circuit's rationale for concluding that Rule 9006 authorizes the enlargement of a statutory deadline is confined to time limitations created by the Bankruptcy Code. Because the time limitation the Trustee seeks to extend here is really a state-law statute of limitation, the Court has no authority to extend it under Rule 9006.

## Background

In June 2017, the Chapter 7 Trustee moved to approve a compromise with the Debtor's former Chief Executive Officer (Carl Ritter) and others.[1] Under the proposed compromise, Ritter was required to cooperate with the Trustee to identify other potential causes of action the estate may have against third parties.[2] On August 8, 2017, the Court approved the Trustee's proposed compromise.[3]

At some point during the settlement process, although it is not entirely clear when, the Trustee apparently discovered a potential defamation claim against third parties.[4] It appears the alleged defamation claim arises out of a 2015 Sarasota Herald-Tribune article. Under Florida law, the statute of limitations for defamation is two

---

[1] Doc. No. 186.

[2] *Id.* at Ex. A, ¶ 5.

[3] Doc. No. 199.

[4] Doc. No. 234 at ¶ 4.

years.[5] But this case was filed on October 30, 2015, before that statute of limitations expired. So under Bankruptcy Code § 108, the statute of limitations for the defamation claim was extended to October 29, 2017.

On October 17, 2017, less than two weeks before the statute of limitations expired, the Trustee moved to employ the Burnett Wilson Reeder law firm as special counsel to investigate and prosecute the potential defamation claim.[6] The Court approved Burnett Wilson's employment on October 20, 2017[7]—nine days before the limitations period expired. On October 25, 2017, the Trustee then moved to enlarge the time period for her to bring her defamation claim.

In her motion, the Trustee argues her ability to bring the defamation claim is hamstrung by section 770.01, Florida Statutes. That statute requires a plaintiff suing for libel based on a newspaper publication to give five business days' notice before filing suit.[8] The Trustee argues, among other things, that the requirement that she give written pre-suit notice by October 24, 2017, just four days after she retained counsel, made it impossible for her to bring her defamation claim by the October 29, 2017 limitations period.[9]

---

[5] 95.11(4)(g), Fla. Stat.

[6] Doc. No. 228.

[7] Doc. No. 232.

[8] § 770.01, Fla. Stat.

[9] Doc. No. 234.

So the Trustee asked the Court to extend the statute of limitation under Rule 9006. Rule 9006 authorizes this Court, for cause shown, to enlarge the time period for taking an act allowed under the bankruptcy rules or court order:

> [W]hen an act is required or allowed to be done at or *within a specified period by these rules or by a notice given thereunder or by order of court*, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on the motion made after the expiration of the specified period permit the act to be done where the failing to act was the result of excusable neglect.[10]

Noting that the Rule 9006 is limited by its express terms to enlarging deadlines under the bankruptcy rules or court orders, the potential targets of the Trustee's alleged defamation claim objected on the basis that Rule 9006 cannot be used to extend a state-law statute of limitation.[11]

## Conclusions of Law

The starting point for this Court's analysis is the Eleventh Circuit's decision in *In re International Administrative Services*.[12] There, the Eleventh Circuit considered whether the bankruptcy court had authority to extend Bankruptcy Code § 546(a)'s two-year time limitation for bringing avoidance actions. At the outset, the Eleventh

---

[10] Fed. R. Bankr. P. 9006(b)(1) (emphasis added).

[11] Doc. No. 241.

[12] 408 F.3d 689 (11th Cir. 2005).

Circuit acknowledged that Rule 9006 "does not explicitly encompass statutory timeframes."[13]

Still, the Eleventh Circuit held that the bankruptcy court had authority, under Rule 9006, to extend the § 546(a) deadline.[14] The Eleventh Circuit reasoned as follows: Rule 9006 encompasses the bankruptcy rules; the bankruptcy rules include Rule 7001 (defining an adversary proceeding as one "to recover money or property") and Rule 7003 (governing the commencement of adversary proceedings); § 546(a) sets a deadline for bringing avoidance actions or proceedings to recover money or property; therefore, Rule 9006 authorizes a bankruptcy court to enlarge the period for bringing an avoidance action.[15]

This Court must decide whether that rationale extends to statutory limitations periods other than § 546. The only case the Trustee cites in support of her argument that the rationale does extend to other statutory limitations is this Court's decision in *In re Fundamental Long Term Care*.[16] Although *Fundamental* principally involved a request to extend the § 546(a) deadline under Rule 9006, which the Court granted, the Court also extended the § 108 deadline as well.[17]

---

[13] *Id.* at 699.

[14] *Id.*

[15] *Id.*

[16] 501 B.R. 784 (Bankr. M.D. Fla. 2013).

[17] *Id.* at 792.

5

But the Court only considered the § 108 deadline in passing.[18] The real thrust of this Court's *Fundamental* decision—and the parties' arguments in that case—was the § 546(a) deadline.[19] There was no real discussion of this Court's authority to extend the § 108 deadline under Rule 9006.

Having now had the opportunity to consider that issue, the Court concludes that the rationale in *International Administrative Services* does not apply to § 108. The most logical reading of *International Administrative Services* is that its rationale is limited to § 546. That is the only reading of *International Administrative Services* that makes sense of its reference to Rules 7001 and 7003.

What *International Administrative Services* seems to say is that because an avoidance action must be brought as an adversary proceeding, and adversary proceedings are governed by the bankruptcy rules, then § 546(a) falls within Rule 9006. Perhaps another way of putting it is that because Rule 9006 governs enlargements of time in bankruptcy cases, it can be used to extend time limitations created by the Bankruptcy Code for bringing bankruptcy causes of action (even though those time limitations are statutory).[20]

Unlike Rule 9006, § 108 only applies to time limitations fixed by nonbankruptcy law. It doesn't create or extend time limitations for bringing bankruptcy causes of action. It only extends time limitations fixed by nonbankruptcy

---

[18] *Id.* at 787, 787 n.14, 789 n.26, 792.

[19] *Id.* at 787 – 89.

[20] Fed. R. Bankr. P. 1001 & 9006.

law for bringing nonbankruptcy causes of action, such as the alleged defamation claim here. And whereas avoidance actions must be brought by adversary proceeding in bankruptcy court, the same is not true for state-law defamation claims or other non-bankruptcy claims, which may be brought either in bankruptcy court or in a non-bankruptcy court of competent jurisdiction. So the rationale in *International Administrative Services* doesn't favor reading Rule 9006 to authorize the extension of the § 108 deadline.

In fact, to read *International Administrative Services* so broadly to apply to *any* statutory deadline—such as nonbankruptcy statutory deadlines extended by § 108—would be to read the phrase "by these rules . . . or by order of court" out of Rule 9006. Absent binding precedent, this Court declines the Trustee's invitation to rewrite the plain language of Rule 9006. Because Rule 9006 is plain on its face, this Court will not read *International Administrative Services* more broadly than its narrow holding.

## Conclusion

At the hearing on her motion, the Trustee argued that the Court should extend the § 108 deadline under Rule 9006 because of the size and potential recovery on the alleged defamation claim. As important as that may be, the Eleventh Circuit has only extended Rule 9006's authority to enlarge time limitations to one in § 546(a). This Court will extend it no further. Accordingly, it is

**ORDERED** that the Trustee's emergency motion to extend the § 108 deadline for bringing her alleged defamation claim is DENIED.

Attorney Scott Grossman is directed to serve a copy of this Order on interested parties who are non-CM/ECF users and file a proof of service within 3 days of entry of this Order.

**Scott M. Grossman, Esq.**
  **Greenberg Traurig, P.A.**
*Counsel for Halifax Sarasota, LLC, Jessica Floum, Anthony Cormier, Michael Braga, Patrick Dorsey, Bill Church, and Emily Le Coz*

**David S. Jennis, Esq.**
**Eric D. Jacobs, Esq.**
  **Jennis Law Firm, P.A.**
*Counsel for the Trustee*